RENE VALLADARES
Federal Public Defender
State Bar No. 11479
CYNTHIA S. HAHN
Assistant Federal Public Defender
201 West Liberty Street, #102
Reno, Nevada 89501
Telephone: 775-321-8451
Facsimile : 775-784-5369

Attorney for ANTHONY GILBERT THOMPSON

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>ANTHONY GILBERT THOMPSON,<br><br>　　　　　　　　Defendant. | 03:08-CR-033-RCJ-VPC<br><br>**ORDER ON<br>MOTION TO CONTINUE<br>REVOCATION HEARING PURSUANT<br>TO FEDERAL RULE OF CRIMINAL<br>PROCEDURE 32.1**<br>(First Request) |

CERTIFICATION:    This Motion is timely filed.

　　　　Comes now the defendant, ANTHONY GILBERT THOMPSON, by and through his attorney of record, Assistant Federal Public Defender Cynthia S. Hahn, and submits this Motion To Continue Revocation Hearing Pursuant to Federal Rule of Criminal Procedure (Fed.R.Crim.P.) 32.1. The hearing is currently scheduled for Tuesday, November 22, 2011 at 12:00 P.M. Good cause exists to continue and reschedule the hearing for the following reasons set forth below. Mr. Thompson's counsel emailed both Assistant United States Attorney Ron C. Rachow and his supervisor, Assistant United States Attorney Sue P. Fahami on November 16, 2011, regarding a stipulation in this matter and has not received a response to date.

/ / / /

/ / / /

/ / / /

/ / / /

1

## **POINTS AND AUTHORITIES**

Federal Rule of Criminal Procedure 32.1(b)(2) provides that "the court must hold the revocation hearing within a reasonable time in the district having jurisdiction" unless "waived by the person." FRCP 32.1(b)(2). Based upon the nature of the petition in this matter, both Mr. Thompson and his defense counsel agree that a revocation proceeding held within the next 60 days at the Court's convenience is "within a reasonable time" to hold the revocation hearing given the allegations in the petition for revocation.

First, the time period is a reasonable time to "provide disclosure of the evidence against the person." FRCP 32.1(b)(2)(B). Federal Rule of Criminal Procedure 32.1 provides that the "person is entitled to: ... disclosure of the evidence against the person." Id. The gravamen of the Addendum to Petition to revoke are the allegations regarding a new incident on October 25, 2011. This new incident is alleged to constitute a federal, state or local crime. C.R. #50, allegations #2, #3, #6. The new incident remains under investigation; therefore, the requested continuance will permit that investigation to continue so timely disclosures can be made prior to the revocation hearing.

Second, the time period is a reasonable time to provide "an opportunity to appear, present evidence and question any adverse witnesses ... ." FRCP 32.1(b)(2)(c). Federal Rule of Criminal Procedure 32.1 provides that the "person is entitled to: ... an opportunity to appear, present evidence and question any adverse witnesses ... ." Id. Federal Rule of Criminal Procedure 32.1 further provides that "Rule 26.2(a)–(d) and (f) applies at a hearing under this Rule." FRCP 32.1(e) (Producing a Statement). Continuing the hearing for 60 days will permit the production of witness statements, to confront and question adverse witnesses at the revocation hearing, or permit the use of compulsory process to secure the presentation of witnesses who are favorable to the defense.

Third, the time period is a reasonable time to provide "an opportunity to make a statement and present any information in mitigation." FRCP 32.1(b)(2)(E). To the extent that the thrust of the Addendum to Petition to revoke alleges a federal, state or local crime was committed on October 25, 2011, then undersigned counsel asserts on behalf of his client, Anthony Gilbert Thompson, his client's Fifth And Sixth Amendment rights to remain silent and have counsel

contacted prior to, and to be present at, any or all interaction with state, local, or federal law enforcement. Therefore, the time period gives undersigned defense counsel for Mr. Thompson what appears to be the necessary time to effectively advise his client in regard to his statutory right "to make a statement" and his constitutional right "to remain silent" concerning the matters alleged in the petition to revoke supervised release.

Finally, even if the court were to deem a revocation hearing within 60 days untimely without a waiver from Mr. Thompson, undersigned defense counsel for Anthony Gilbert Thompson hereby waives the right to a November 22, 2011 revocation hearing on behalf of his client. Undersigned defense counsel has spoken with Mr. Thompson – in person on November 16, 2011 – and Mr. Thompson has expressly authorized undersigned defense counsel to stipulate on his behalf to seek to move the revocation hearing 60 days. Undersigned defense counsel and Anthony Gilbert Thompson have a professional relationship which includes representation through disposition in 3:08-cr-033-BES-VPC, and his current representation in this supervised release revocation proceeding beginning with her initial appearance on behalf of Mr. Thompson on November 16, 2011. Anthony Gilbert Thompson is presently detained on the petition to revoke supervised release and he is aware that he will be detained for at least 60 days (unless the court orders otherwise) based upon his agreement to a continuance of his November 22, 2011 revocation hearing and request for a revocation hearing 60 days from the initial hearing date.

For all these reasons, good cause exists to continue the revocation hearing from November 22, 2011 at 12:00 P.M. to a date approximately 60 days out at the Court's convenience. The Speedy Trial Act is inapplicable to this stipulation so its provisions are not cited herein.

ORDER.
IT IS SO ORDERED that the Revocation hearing currently scheduled for Tuesday, 11/22/11 at 12:00 P.M. is RESCHEDULED to Monday, 2/13/2012 at 3:00 P.M. in Reno Courtroom 6 before Chief Judge Robert C. Jones.

_____
ROBERT C. JONES
Chief District Judge
Dated: November 21, 2011.